UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

DAVID SMITH and CHRISTINE SMITH,

Movants,

v.

Case No. 11-mc-6-JPG

SOCIAL SECURITY ADMINISTRATION
OFFICE OF THE INSPECTOR GENERAL,

Respondent.

## MEMORANDUM AND ORDER

This matter comes before the Court on motions filed by movants David Smith and Christine Smith seeking an order under § 3410 of the Right to Financial Privacy Act, 12 U.S.C. § 3401 *et seq.*, preventing the government from obtaining access to their financial records (Docs. 1-3).

The Right to Financial Privacy Act prohibits the government from obtaining access to a consumer's financial records held by a financial institution unless certain requirements are met: the customer has authorized disclosure or the disclosure is in response to an administrative subpoena or summons, a search warrant, a judicial subpoena or a formal written request. *See* 12 U.S.C. § 3402. A customer may challenge the disclosure by filing a motion to quash an administrative summons or judicial subpoena or to enjoin a Government authority from obtaining financial records pursuant to a formal written request. *See* 12 U.S.C. § 3410(a). The motion must contain an affidavit stating that the movant is a customer of the financial institution from which the financial records are sought and setting forth the reasons the movant believes the disclosure is not relevant to a legitimate purpose or the request does not comply with the Right to Financial Privacy Act. *Id.* The motion must be filed in the judicial district issuing the subpoena,

if a subpoena is sought to be quashed, or "in the appropriate United States district court." *Id.* The customer must serve copies on the government authority seeking disclosure of the financial records. *Id.* If the Court finds the movant has complied with these requirements, it will order the government authority seeking disclosure to respond to the motion under oath. 12 U.S.C. § 3410(b).

Once the government authority responds, the Court must determine whether (1) the applicant is the customer to whom the financial records sought pertain, (2) there is a demonstrable reason to believe that the law enforcement inquiry is legitimate, (3) there is a reasonable belief that the records sought are relevant to that inquiry and (4) there has been substantial compliance with the Right to Financial Privacy Act. 12 U.S.C. § 3410(c).

The Court addresses each pending motion in turn.

I. **David Smith Motion re: MidCountry Bank (Doc. 1)**

There are several problems with this motion:

- The motion does not identify the summons, subpoena or formal written request it challenges. Without this information, the motion does not satisfy the requirements of 12 U.S.C. § 3410(a), which allows a movant to file a motion to quash a subpoena or summons or to enjoin disclosure pursuant to a formal written request.

- The "Sworn Statement of Movant" purports to be made by movant David Smith but is signed by Christine Smith as David Smith's power of attorney. The affidavit does not identify any document authorizing Christine Smith to act as David Smith's power of attorney for purposes that include this litigation. Additionally, it does not explain the authority allowing Christine Smith to execute a document on behalf of David Smith that purports to be made on David Smith's personal knowledge. The Court can envision a situation where such authority might exist, for example, if David Smith is mentally competent to make an affidavit but is physically unable to sign his name. In the absence of such information clarifying Christine Smith's status and authority, the Court will not find the affidavit attached to David's motion satisfies the requirements of 12 U.S.C. § 3410(a).

The Court declines to order the government to respond to David Smith's motion in light

of the foregoing uncertainties but **ORDERS** that David Smith shall have up to and including May 26, 2011, to supplement his motion with additional documentation to satisfy the Court's concerns.

## II.    Christine Smith Motion # 1 re: Wood & Huston Bank (Doc. 2)

There are several problems with this motion:

- The motion does not identify the summons, subpoena or formal written request it challenges. Without this information, the motion does not satisfy the requirements of 12 U.S.C. § 3410(a), which allows a movant to file a motion to quash a subpoena or summons or to enjoin disclosure pursuant to a formal written request.

- It appears Christine Smith may have filed this motion in the wrong district. The Court is unaware of any branch or office of Wood & Huston Bank within the Southern District of Illinois. *See* Wood & Huston Bank, http://www.woodhuston.com/locations.aspx (last visited May 18, 2011). If this is true, the Southern District of Illinois would not be the appropriate district in which to bring this litigation.

The Court declines to order the government to respond to Christine Smith's motion in light of the foregoing uncertainties but **ORDERS** that Christine Smith shall have up to and including May 26, 2011, to supplement her motion with additional documentation to satisfy the Court's concerns.

## III.    Christine Smith Motion # 2 re: MidCountry Bank (Doc. 3)

There is a problem with this motion:

- The motion does not identify the summons, subpoena or formal written request it challenges. Without this information, the motion does not satisfy the requirements of 12 U.S.C. § 3410(a), which allows a movant to file a motion to quash a subpoena or summons or to enjoin disclosure pursuant to a formal written request.

The Court declines to order the government to respond to Christine Smith's motion in light of the foregoing uncertainties but **ORDERS** that Christine Smith shall have up to and including May 26, 2011, to supplement her motion with additional documentation to satisfy the Court's concerns.

Any supplement filed by a movant shall be electronically filed using the event "Supplement" and shall be linked to the motion to which it pertains. The Court **DIRECTS** the Clerk of Court to send a copy of this order to:

| | |
|---|---|
| Social Security Administration<br>Office of the Inspector General/Office of<br>    Investigations<br>Chicago Illinois Field Division<br>1224 Fern Ridge Parkway, Suite 300<br>St. Louis, MO  63141<br>ATTN:  Special Agent Chris Alexander | J. Christopher Moore, Assistant U.S. Attorney<br>Chief, Civil Division<br>U.S. Attorney's Office for the Southern District<br>    of Illinois<br>9 Executive Drive, Suite 300<br>Fairview Heights, IL  62208 |

**IT IS SO ORDERED.**
**DATED:  May 18, 2011**

                                        s/ J. Phil Gilbert
                                        **J. PHIL GILBERT**
                                        **DISTRICT JUDGE**